UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYANT TRIMBLE PRATT,

      Plaintiff,

    v.

J. PAUL, et al.,

      Defendants.

Case No. 25-cv-05247-JSW

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison ("SVSP"). He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

**ANALYSIS**

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

United States District Court
Northern District of California

upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff alleges he was placed in administrative segregation based upon a "fabricated" disciplinary report by Defendant J. Paul.  He alleges Defendants Dockler and H.J. Fisk acted in "collusion" with Paul to keep Plaintiff in administrative segregation from July 2, 2023, to August 23, 2023.  He claims Defendants violated his constitutional right to "procedural due process."

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  The segregation of a California prisoner  as a result of disciplinary proceedings, is subject to *Wolff's* procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87.[1]  If these requirements are met, then the prisoner is entitled to five procedural protections under *Wolff.*

First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id.* at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

[1] But note that placement in segregation pending investigation of disciplinary charges does not implicate a protected liberty interest absent a showing that the conditions of confinement constituted an "atypical and significant hardship" "in relation to the ordinary incidents of prison life." *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting *Sandin*).

United States District Court
Northern District of California

Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," which includes the ability to obtain that documentary evidence in the first place. *Id.* at 566. "Similarly, if a prisoner is to be able to respond to evidence presented against him, as a general proposition he should be allowed to know what it is and to examine it, unless there is reason to the contrary." *Melnik v. Dzurenda*, 14 F.4th 981, 986, 990 (9th Cir. 2021). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Wolff*, 418 U.S. at 570. The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id.* at 567-68, and does not give rise to a right to counsel in the proceedings, *see id.* at 569-70. Additionally, there must be some evidence in the record that could support the conclusion reached by the disciplinary board, *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions, *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

Plaintiff does not allege he did not receive any of the foregoing procedural protections. In fact, it appears from the attachments to the complaint that he received all of them. The fact that a prisoner may have been innocent of the charges does not raise a due process issue because the Constitution demands due process, not error-free decision-making. *Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Therefore, Plaintiff's allegation that the disciplinary charges were false, and he did not commit the acts of which he was accused, even if true, does not in and of itself constitute a violation of his right to due process.

Plaintiff is given leave to amend to allege facts that, when liberally construed, support reasonable inferences that his claims are timely.

3

**CONCLUSION**

1.      The complaint is DISMISSED with leave to amend.

2.      Plaintiff shall file an amended complaint on or before **April 5, 2026**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 25-5247 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; she must include in his amended complaint all the claims he wishes to pursue.  Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  She also must comply with the Court's orders in a timely fashion, although she may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 5, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

4