UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYANT TRIMBLE PRATT,

Plaintiff,

v.

J. PAUL, et al.,

Defendants.

Case No. 25-cv-05247-JSW

**ORDER AMENDING ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison ("SVSP").  In the original complaint, Plaintiff claimed that his placement in administrative segregation based upon disciplinary charges violated his constitutional rights.  The complaint was dismissed with leave to amend because Plaintiff failed to allege he was deprived of any of the procedural protections required by the constitutional guarantee of due process for prisoners placed in segregated housing.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Plaintiff filed an amended complaint in which he requests an order directing prison officials provide him with documents that will allow him to show the "hardship/deliberate indifference" of the conditions in segregated housing.  (ECF No. 12.) Plaintiff is not required to make any showing, submit evidence, or provide documentation of his claims at this stage of his case.  As explained in the order of dismissal with leave to amend, he simply needs to *allege* the facts of his claims.  More importantly, the amended complaint does not address the deficiency in his claim.  Plaintiff's claim did not fail to sufficiently allege the conditions of the segregated housing amounted to a hardship; he failed to allege what procedural protections he did not receive.  He must do so to state a cognizable claim for relief.

The Court also notes the order of dismissal with leave to amend contains an error that may have confused Plaintiff.  At the end of the discussion, the order states, "Plaintiff is given leave to

United States District Court
Northern District of California

United States District Court
Northern District of California

amend to allege facts that, when liberally construed, support reasonable inferences that his claims *are timely.*"  (ECF No. 11 at 3:26-27 (emphasis added).)  Plaintiff need not address the timeliness of his claims.

Accordingly, the Court orders as follows:

1.  The order of dismissal with leave to amend (ECF No. 11) is AMENDED to replace the complete sentence at page 11:27-28 with the following: "Plaintiff is given leave to amend to allege facts that, when liberally construed, state a cognizable claim for the violation of his right to due process."

2.  Plaintiff is granted leave to file a second amended complaint on or before **May 6, 2026**. The second amended complaint amended complaint **must** include the caption and civil case number used in this order (No. C 25-5247 JSW (PR)) and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the prior complaints by reference; he must include in his second amended complaint all the claims he wishes to pursue.  Plaintiff shall use the Court's complaint form.  Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated: April 9, 2026

_____
JEFFREY S. WHITE
United States District Judge

2